[No. 30397-3-II. Division Two. September 28, 2004.]

DAVE BAUMGARTNER, ET AL., *Appellants*, v. THE DEPARTMENT OF CORRECTIONS, ET AL., *Respondents*.

[17] LAWS OF 1997, ch. 340, § 1.

[18] *See* LAWS OF 1997, ch. 340, § 2; LAWS OF 1996, ch. 275, § 2; LAWS OF 1996, ch. 215, § 5; LAWS OF 1996, ch. 199, § 1; LAWS OF 1996, ch. 93, § 1.

740

*Patricia Pendry*; and *Todd C. Nichols* (of *Cogdill Nichols Rein*), for appellants.

*Christine O. Gregoire, Attorney General*, and *Stewart A. Johnston, Senior Counsel*, and *Lawrence W. Paulsen, Assistant*, for respondents.

¶1 HOUGHTON, J. — Department of Corrections (DOC) lieutenants appeal from a trial court summary judgment order dismissing their salary misclassification claims against DOC. The lieutenants argue that the trial court erred in ruling that they failed to exhaust their administrative remedies. Although the exhaustion doctrine does not apply here, we affirm the trial court because no cause of action exists for the lieutenants' salary misclassification claims.

## FACTS

¶2 Alleging salary misclassification under RCW 41-.06.150(14) (section (17) was renumbered as section (14)

in 2002), RCW 41.06.155, former RCW 41.06.500 (2002), and chapter 356-56 WAC,[1] thirty-seven current and four

---

[1] The laws pertinent to our review provide: RCW 41.06.150(14):

Adoption and revision of a state salary schedule to reflect the prevailing rates in Washington state private industries and other governmental units but the rates in the salary schedules or plans shall be increased if necessary to attain comparable worth under an implementation plan under RCW 41.06.155 and that, for institutions of higher education and related boards, shall be competitive for positions of a similar nature in the state or the locality in which an institution of higher education or related board is located, such adoption and revision subject to approval by the director of financial management in accordance with the provisions of chapter 43.88 RCW.

RCW 41.06.155:

Salary changes necessary to achieve comparable worth shall be implemented during the 1983-85 biennium under a schedule developed by the department. Increases in salaries and compensation solely for the purpose of achieving comparable worth shall be made at least annually. Comparable worth for the jobs of all employees under this chapter shall be fully achieved not later than June 30, 1993.

Former RCW 41.06.500 (2002):

(1) Except as provided in RCW 41.06.070, notwithstanding any other provisions of this chapter, the director is authorized to adopt, after consultation with state agencies and employee organizations, rules for managers as defined in RCW 41.06.022. These rules shall not apply to managers employed by institutions of higher education or related boards or whose positions are exempt. The rules shall govern recruitment, appointment, classification and allocation of positions, examination, training and career development, hours of work, probation, certification, compensation, transfer, affirmative action, promotion, layoff, reemployment, performance appraisals, discipline, and any and all other personnel practices for managers. These rules shall be separate from rules adopted by the board for other employees, and to the extent that the rules adopted apply only to managers shall take precedence over rules adopted by the board, and are not subject to review by the board.

(2) In establishing rules for managers, the director shall adhere to the following goals:

(a) Development of a simplified classification system that facilitates movement of managers between agencies and promotes upward mobility;

(b) Creation of a compensation system consistent with the policy set forth in RCW 41.06.150(14). The system shall provide flexibility in setting and changing salaries, and shall require review and approval by the director in the case of any salary changes greater than five percent proposed for any group of employees;

(c) Establishment of a performance appraisal system that emphasizes individual accountability for program results and efficient management of resources; effective planning, organization, and communication skills; valuing and managing workplace diversity; development of leadership and interpersonal abilities; and employee development.

(d) Strengthening management training and career development programs that build critical management knowledge, skills, and abilities; focusing on managing and valuing workplace diversity; empowering employees by en-

retired lieutenants sued DOC. The lieutenants asserted that in 1993, when the state changed its personnel system for supervisory corrections officers from Washington General Service to the Washington Management Service (WMS), the WMS incorrectly rated and placed them in a lower salary category called a band.[2] The lieutenants based their claims on state wage statutes, federal law, and the state constitution.

¶3 DOC moved for summary judgment, arguing, inter alia, that there was no cause of action supporting the improper band placement claim and that the lieutenants failed to exhaust their administrative remedies before bringing their lawsuit. In its oral ruling granting DOC's summary judgment motion based only on the exhaustion argument, the court explained that "my decision . . . is that the plaintiffs corrections officers did not exhaust their administrative remedies, and that must happen before this

---

abling them to share in workplace decision making and to be innovative, willing to take risks, and able to accept and deal with change; promoting a workplace where the overall focus is on the recipient of the government services and how these services can be improved; and enhancing mobility and career advancement opportunities;

(e) Permitting flexible recruitment and hiring procedures that enable agencies to compete effectively with other employers, both public and private, for managers with appropriate skills and training; allowing consideration of all qualified candidates for positions as managers; and achieving affirmative action goals and diversity in the workplace;

(f) Providing that managers may only be reduced, dismissed, suspended, or demoted for cause; and

(g) Facilitating decentralized and regional administration.

[2] WAC 356-56-105 provides a description of "bands":

Management bands are a series of management levels included in the Washington management service. Placement in a band reflects the nature of management, decision-making environment and policy impact, and scope of management accountability and control assigned to the position. Each agency will evaluate its positions using a managerial job value assessment chart developed by the department of personnel. The number of points resulting from the evaluation will determine to which management band a position is assigned.

When the lieutenants came under the WMS in 1993, DOC placed them at the low end of band 1, which is the lowest salary band. WAC 356-56-105; Clerk's Papers at 677 (Washington Management Service Job Value Assessment Chart).

court should wade into the public employee management thicket." Report of Proceedings at 43.

¶4 The lieutenants appeal.

## ANALYSIS

### Exhaustion of Administrative Remedies

¶5 The lieutenants contend that the trial court erred in granting summary judgment. They assert that they did not first have to exhaust administrative remedies before bringing their lawsuit. DOC counters that the trial court can be affirmed on the exhaustion doctrine and alternative grounds.

¶6 We review summary judgment from the same position as the trial court. *Allstot v. Edwards*, 116 Wn. App. 424, 430, 65 P.3d 696, *review denied*, 150 Wn.2d 1016 (2003). A court properly grants summary judgment in the absence of a genuine issue of material fact or when reasonable minds could not differ that the moving party is entitled to judgment as a matter of law. *Allstot*, 116 Wn. App. at 430.

¶7 Under the exhaustion doctrine, a plaintiff must seek administrative remedies when "(1) [the plaintiff's] claim is cognizable in the first instance by an agency alone; (2) the agency has clearly established mechanisms for the resolution of complaints by aggrieved parties; and (3) the administrative remedies can provide the relief sought." *Milligan v. Thompson*, 90 Wn. App. 586, 596, 953 P.2d 112 (1998). The doctrine allows an administrative body to exercise its expertise in areas that may be outside the courts' experience. *Milligan*, 90 Wn. App. at 596-97.

¶8 DOC argued that WAC 356-56-610 gives the lieutenants an administrative remedy, which they did not exhaust. WAC 356-56-610(3) provides:

An agency shall conduct an informal review, at the employee's request, for the following actions:

(a) Salary adjustment (or lack thereof) when the responsibilities of the permanent employee's position have been changed.

(b) Placement actions following reversion of a permanent employee.

(c) Decisions about if a position is included in the Washington management service.

(i) The final agency-internal review shall be conducted by the agency director or designee.

(ii) If the incumbent disagrees with the agency director/ designee's decision, he/she may request a review by the director of the department of personnel, provided that such request is made within fifteen calendar days of notification of the decision. Such review will be limited to relevant documents and information and will be final.

WAC 356-56-610(6) adds: "The director of personnel retains the right to review any review decision rendered by agency heads or designees or any actions taken under the Washington management service." And citing WAC 356-56-610(3) and (6), DOC further argued that the lieutenants could "seek internal agency review of the decision of the Position Evaluation Committee. If still unsatisfied, the employee may seek review by [Department of Personnel (DOP)]." Resp't's Br. at 22 (citations omitted).

¶9 The lieutenants disagree that the above remedies apply because WAC 356-56-610(3) "does not provide for mandatory review of the initial classification decisions or status . . . nor does it provide for superior court review." Appellant's Br. at 22. Although the lieutenants concede that WAC 356-56-610(6) provides review, they argue that this review is entirely discretionary with the director, not employees, and does not provide for review by superior courts.

¶10 We agree with the lieutenants that WAC 356-56-610(3) does not provide a mechanism for them to challenge their initial WMS classification. And because DOC did not change the lieutenants' responsibilities, WAC 356-56-610(3)(a) does not apply. Similarly, the lieutenants do not dispute the decision to include them in WMS, as contemplated by WAC 356-56-610(3)(b) and (c) respectively. And WAC 356-56-610(6) offers the lieutenants no relief as it affords only the director, not an employee, the right to

review an agency decision. Accordingly, the lieutenants have no administrative remedy available to them here.

 ¶11 Where no clearly established mechanism for resolving a claim exists, the plaintiff is not required to exhaust administrative remedies. *Allstot*, 116 Wn. App. at 433. The trial court should not have dismissed the lieutenants' claims for failure to exhaust their administrative remedies. We next turn to DOC's other arguments in support of summary judgment of dismissal.[3]

## Chapters 49.48 and 49.52 RCW Wage Claims

██ ¶12 In their lawsuit, the lieutenants based their claims on Washington's wage statutes, chapters 49.48 and 49.52 RCW.[4] The lieutenants argue that by placing them in the wrong band, DOC unlawfully withheld their wages under RCW 49.48.010 and RCW 49.52.050.[5]

¶13 RCW 49.48.010 states, in relevant part:

It shall be unlawful for any employer to withhold or divert any portion of an employee's wages unless the deduction is:

(1) Required by state or federal law; or

(2) Specifically agreed upon orally or in writing by the employee and employer; or

---

[3] We may affirm a trial court on any correct ground. *Nast v. Michels*, 107 Wn.2d 300, 308, 730 P.2d 54 (1986).

[4] The lieutenants also cite to RCW 49.48.030 and RCW 49.52.070. These statutes relate to wage statute remedies and do not apply in this appeal of an order granting summary judgment of dismissal.

[5] RCW 49.52.050 provides:

Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who

(1) Shall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee; or

(2) Wilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; . . .

. . . .

Shall be guilty of a misdemeanor.

(3) For medical, surgical or hospital care of service, pursuant to any rule or regulation.

This statute clearly applies to a claim for wrongful withholding of salary earned, not to a claim of salary misclassification. As the lieutenants claim the latter and not the former, their argument fails.

¶14 The lieutenants raised other arguments. These claims lack merit.

¶15 First, the lieutenants assert a 42 U.S.C. § 1983 claim, but they concede that DOC, a state entity, is immune from a § 1983 action. *Wash. State Republican Party v. Pub. Disclosure Comm'n*, 141 Wn.2d 245, 285-86, 4 P.3d 808 (2000). And actions taken by individuals in their official capacity as state officers of the state are also immune from liability unless acting under color of law but in violation of clearly established state law. *Wash. State Republican Party*, 141 Wn.2d at 285-86. Under these facts, the lieutenants' § 1983 argument fails.

¶16 The lieutenants further assert state constitutional due process and privileges and immunities claims. WASH. CONST. art. I, §§ 3, 12. These claims fail because an individual has no constitutional property interest in public employment and the lieutenants set forth no basis on which they have a constitutional property interest in a particular salary band of public employment. *State ex rel. Swartout v. Civil Serv. Comm'n*, 25 Wn. App. 174, 182, 605 P.2d 796, *review denied*, 93 Wn.2d 1021, *cert. denied*, 449 U.S. 992 (1980).

¶17 The lieutenants also devote a short section of their brief asserting a right to a writ of mandamus should they demonstrate a salary misclassification, but they fail to adequately argue this issue and we decline to address it. *See State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004); RAP 2.5.

## Attorney Fees

¶18 The lieutenants request attorney fees under RAP 18.1 and RCW 49.52.070. Because we affirm, we decline to award attorney fees.

¶19 Affirmed.

MORGAN, A.C.J ., and HUNT , J ., concur .

Review denied at 154 Wn.2d 1025 (2005).